(116 N. W. 340.)

_____

State of North Dakota, ex rel T. F. McCue, Attorney General, v. Great Northern Railway Company.

Opinion filed April 22, 1908.

**Constitutional Law — Due Process of Law — Regulation of Carriers — Establishment of Passenger Rates.**

1. The provision of chapter 199, page 327, Laws of 1907, requiring railway corporations to sell 1,000 mile tickets to purchasers, to be used by themselves, their wives and children, at a rate lower than the maximum rate under which others may purchase such tickets, is a violation of the federal constitution, which entitles the railroad company to due process of law and the equal protection of the laws.

**Supreme Court of United States — Its Decisions Conclusive on Federal Question.**

2. A decision of the Supreme Court of the United States, holding a law similar to this provision of chapter 199, page 327, laws of 1907, unconstitutional under the federal constitution, is conclusive upon this court and all state courts in determining the validity of said provision.

Application by the state, on the relation of T. F. McCue, Attorney General, for writ of mandamus against the Great Northern Railway Company.

Writ denied.

*T. F. McCue,* Attorney General, in pro. per.
*W. R. Begg and Murphy & Duggan,* for defendant.

MORGAN, C. J. This is an application for a peremptory writ of mandamus. On the 7th day of August, 1907, the Attorney General presented his application for said writ, and in his petition alleged the following facts: That the defendant corporation is a common carrier, and as such corporation operates and owns a main line of railway across the entire state, and also numerous branch lines extending from said main line to various places within the state, and is engaged in the transportation of freight and passengers within said state. That chapter 199, p. 327, of the Laws of 1907, provides that every common carrier within the state shall issue, upon request of any person, mileage books in denomination of 1,000 miles, and that the said defendant, upon demand for the issue of mileage tickets pursuant to said law, has refused to issue the same, and has refused to comply with the terms of said law. An order was issued against said defendant, citing it to appear in the city of Grand Forks on the 16th day of September, 1907, and show cause why the Attorney General should not have leave to file his petition, and why a writ should not issue against said defendant, compelling it to comply with said law.

On September 20th the defendant appeared, and for a return to said order to show cause, and as reasons why a writ of mandamus should not be issued as prayed for by the relator, filed a return, which, after certain admissions, set forth the following facts as reasons why the said writ should not issue: "That the said law requiring the issuance and sale of mileage books at the rate of 2 cents per mile amounts to an unjust and unlawful discrimination in favor of those persons who shall be able or desire to buy transportation at wholesale or in the form of such mileage books, and against those who are unable or do not desire to buy transportation at wholesale nor in the form of such mileage books, and amounts to an unjust discrimination in favor of persons the members of whose families are adults, and against those persons the members of whose families are minors, all in violation of the constitution of the state of North Dakota and the constitution of the United States, and part of North Dakota and the constitution of the United States and particularly article 14 of the amendments of the constitution of the United

States, in that said provision requiring the issue and sale of mileage books as hereinbefore set forth will deprive defendant of its property without due process of law, and will deny to those persons who are unable or unwilling to purchase transportation at wholesale or in the form of mileage books aforesaid, and to those persons the members of whose families are not adults, the equal protection of the laws." There are other allegations in the return which it is not necessary to set forth, in view of the fact that the decision of the case is based upon the allegations just set forth.

After the filing of the application and the return, an oral argument was presented to the court at Grand Forks, and leave was granted to the respective parties to file additional authorities and· arguments. No further authorities were submitted, and the case was finally submitted for decision by a stipulation of the parties on the 15th day of April, 1908. The statute on which the application for the writ is applied for is chapter 199, page 327, of the Laws of 1907, and is entitled as follows: "An act providing for a maximum · rate of fare to be charged and collected by railroads, railroad corporations, and common carriers for the transportation of passengers and baggage and providing a penalty for the violation thereof." After providing that the compensation for carrying passengers shall not exceed 2½ cents per mile, that law has an additional provision, which is as follows: "Provided, that every railroad, railroad corporation and common carrier doing business in this state, shall issue, upon request of any person, mileage books in denomination of 1,000 miles, limited to not less than one year from the date of issue and redeemable within one year after the expiration of such limitation, with baggage and other facilities similar to those accompanying regular trip tickets, at a price of $20.00 each; that such mileage books shall be good for travel by the purchaser and such adult members of his family as he may designate, and whose names are then· and there written thereon, but the fare shall always be that multiple of five nearest reached by multiplying the rate by the distance."

The defendant makes no point against the constitutionality of the law as a whole, but expressly alleges that it is complying with the provisions of this law, except as to the mileage book provision. As to this provision it claims that it is unconstitutional, as violating the fourteenth amendment to the federal constitution, as well as the provision of the state constitution which provides that prop-

erty shall not be taken without due process of law, and, further, that the act discriminates in favor of certain persons and is not general in its application, and that the law thereby deprives certain persons of the equal protection of the laws guaranteed by the constitution, the return therefore presents a question of the construction of the provision of this law in view of the fourteenth amendment of the Constitution of the United States. This is purely a federal question, which has been expressly passed upon by the supreme court of the United States in a case similar in every respect to this case. In that case the constitutionality of a mileage book enactment of the legislature of the state of Michigan was under consideration. That enactment provided that railroad companies must keep for sale 1,000-mile tickets, and when required by purchasers they should be issued in the name of the purchaser, his wife, and children, designating the name of each on each ticket, and that these tickets should be valid for two years after date of purchase. The supreme court of Michigan held this law a valid enactment, and on appeal to the supreme court of the United States the law was declared unconstitutional.

In speaking for the court, Peckman, J., said in his opinion: "The legislature having fixed a maximum rate, and what must be presumed, prima facie, to be also a reasonable rate, we think the company, then, has a right to insist that all persons shall be compelled to pay alike; that no discrimination against or in favor of certain classes of married men, or families, excursionists, or others, shall be made by the legislature. If otherwise, then the company is compelled, at the caprice or whim of the legislature, to make such exceptions as it may think proper, and to carry the excepted persons at less than the usual and legal rates, and thus would part in their favor with its property without that compensation to which it is entitled from all others, and therefore would part with its property without due process of law. The affairs of the company are in this way taken out of its own management, not by any general law applicable to all, but by discrimination made by law to which the company is made subject. Whether an act of this nature shall be passed or not is not a matter of policy to be decided by the legislature. It is a matter of the right of the company to carry on and manage its concerns, subject to the general law applicable to all, which the legislature may enact in the legal exercise of its power to legislate in regard to persons and things within its

jurisdiction." Lake Shore & Mich. So. Ry. Co. v. Smith, 173 U. S. 684, 19 Sup. Ct. 565, 43 L. Ed. 858. The principles of this case were again commented on in distinguishing it from the case of Wis., Minn. & Pac. R. R. Co. v. Jacobson, 179 U. S. 288, 21 Sup. Ct. 115, 45 L. Ed. 194, then under consideration, when it was said: "There we held that the statute in question was not a reasonable regulation of the business of the company; that it was the exercise of a pure, bald, and unmixed power of discrimination in favor of a few of the persons having occasion to travel on the road, permitting them to do so at a less expense than others, provided they could buy a certain number of tickets at one time. It was not legislation for the safety, health, or proper convenience of the public, but an arbitrary enactment in favor of the persons spoken of, who, in the legislative judgment, should be carried at a less expense than the other members of the community, and there was no reasonable ground upon which the legislation should be rested, unless the simple decision of the legislature should be held to constitute such reason."

This is an authoritative decision of the precise question at issue here, by the highest court of the land, and is binding upon all state courts, being a decision of a federal question. No useful purpose would be gained by a more extended statement of the grounds on which that eminent court based its decision. Since that decision it has been followed as a binding adjudication by state courts. Beardsley v. N. Y., Lake Erie & Western R. R. Co. et al., 162 N. Y. 230, 56 N. E. 488. In that case the court said: "The supreme court of the United States, in Railway Company v. Smith, 173 U. S. 684, 19 Sup. Ct. 565, 43 L. Ed. 858, has practically foreclosed all discussion on the question of the constitutionality of statutes of the character of the one before us." See, also, Commonwealth ex rel. Atty. Gen. v. Atlantic Coast Line R. Co., 106 Va. 61, 55 S. E. 572, 7 L. R. A. (N. S.) 1086, 117 Am. St. Rep. 983.

As the federal decision is controlling, it follows that the application for the writ of mandamus must be denied. All concur.

(116 N. W. 89.)

Note.—As to validity of statutes requiring issuance of mileage books at reduced rates see note to Com. ex rel Anderson v. Atlantic Coast Line R. Co. (Va.) 7 L. R. A. (N. S.) 1086.